# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### *Fort Lauderdale Division*
www.flsb.uscourts.gov

In re:

**ROTHSTEIN ROSENFELDT ADLER, P.A.,**

      Alleged Debtor.

_____/

**LEXINGTON INSURANCE COMPANY** and **MARLOW, CONNELL, ABRAMS, ADLER, NEWMAN & LEWIS**,

      Plaintiffs**,**

**V.**

**HERBERT STETTIN**, as Chapter 11 Trustee for the Estate Of Rothstein Rosenfeldt Adler, P.A.; **RAZORBACK FUNDING LLC; CHARLES E. RUCKS**, individually and as Trustee of the Glen R. Rucks Revocable Trust and as Co-Trustee of the Charles E. Rucks Trust, and **SUSAN D. RUCKS**, individually and as Co-Trustee of the Charles E. Rucks Trust,

      Plaintiffs**.**

_____/

Case No.:  09-34791-RBR

Chapter 11 (Involuntary)

**ADVERSARY PROCEEDING
CASE NO.  11-02590-RBR-A**

---

## INTERPLEADER PLAINTIFFS'
## EMERGENCY MOTION TO DEPOSIT FUNDS INTO REGISTRY OF COURT
### (EMERGENCY HEARING REQUESTED)

      Interpleader Plaintiffs Lexington Insurance Company ("Lexington"), and Marlow, Connell, Abrams, Adler, Newman & Lewis (hereinafter "Marlow Connell" and with Lexington, the "Plaintiffs"), pursuant to Fed. R. Civ. P. 67(a) and Fed. R. Bankr. P. 9075-1, through undersigned counsel, file this Emergency Motion to Deposit Funds into Registry of Court and as grounds, therefore, state:

Case No.: 09-34791-RBR
**ADVERSARY PROCEEDING**
**CASE NO. 11-02590-RBR-A**
**Interpleader Plaintiffs'**
**Emergency Motion To Deposit Funds Into Registry Of Court**
Page 2 of 9

1. The Plaintiffs, Lexington and Marlow Connell, are, respectively, in constructive and actual possession of a fund of $10,000,000 (the "Fund"). Several parties claim entitlement to some or all of the Fund.

2. Among the parties with an alleged interest in the Fund are Defendants, Charles R. Rucks and Susan E. Rucks (hereinafter collectively "Rucks").

3. On September 9, 2011, the Rucks served a Writ of Garnishment for an amount in excess of $3 Million upon Plaintiff Marlow Connell. A true copy of that Writ is attached as Exhibit A.

4. On September 12, 2011, the Rucks served a Writ of Garnishment for an amount in excess of $3 Million upon Plaintiff Lexington. A true copy of that Writ is attached as Exhibit B.

5. On October 4, 2011, the Rucks served a Second Writ of Garnishment for an amount in excess of $3 Million upon Plaintiff, Marlow Connell. A true copy of that Writ is attached as Exhibit C.

6. Similarly, on October 4, 2011, the Rucks, served a Second Writ of Garnishment directed to Plaintiff, Lexington, upon the Chief Financial Officer for the State of Florida. The Service of Process Office for the Division of Corporations forwarded the Second Writ of Garnishment upon Lexington via email on October 12, 2011. A true copy of that Writ is attached as Exhibit D.

7. The Trustee in the instant bankruptcy case, Herbert Stettin, and an entity

Case No.: 09-34791-RBR
**ADVERSARY PROCEEDING**
**CASE NO. 11-02590-RBR-A**
**Interpleader Plaintiffs'**
**Emergency Motion To Deposit Funds Into Registry Of Court**
Page 3 of 9

known as Razorback Funding LLC also claim an interest in the Fund by virtue of a settlement agreement which was approved by this Court.

8.   On September 29, 2011, Plaintiffs initiated this Adversary Proceeding (see generally, Complaint at CP # 1).   The rather straightforward (and sole) purpose of the Adversary was to have the Court determine the interests of the various parties claiming an interest in the Fund.

9.   Through the proceedings by which this Court entered its Order of January 7, 2011, approving the settlement between Lexington Insurance Company, Berenfeld, Spritzer, Shechter & Sheer and Herbert Stettin, as Chapter 11 Trustee for the Estate of Rothstein Rosenfeldt Alder, P.A., this Court has exercised its jurisdiction over the property which is at the heart of these proceedings.  *See*, (CP # 1307 in Case No. 09-34791-RBR (the main bankruptcy case))

10. Moreover, even though the Order referenced in the preceding paragraph has been appealed, the property at the core of that Order, the Lexington Insurance policy proceeds in the amount of $10 Million, is still within the jurisdiction of the United States District Court, Southern District of Florida.  *See*, Case No.: 0:11-cv-60534-Williams.

11. By attempting to garnish over $3 Million of the Fund through separate proceedings taking place in the State Court located in Okeechobee County, the Rucks threaten to usurp the subject matter jurisdiction exercised by this Court over the property in question.

Case No.: 09-34791-RBR
**ADVERSARY PROCEEDING**
**CASE NO. 11-02590-RBR-A**
**Interpleader Plaintiffs'**
**Emergency Motion To Deposit Funds Into Registry Of Court**
Page 4 of 9

12. The Rucks' efforts to garnish the Fund also invite the likelihood of inconsistent rulings among this Court and the Court in Okeechobee County.

13. Through the instant Adversary Proceeding, all known parties alleging an interest in the Fund are before this Court. However, from a technical standpoint, the Fund itself remains in the Trust Account of Plaintiff, Marlow Connell, who holds the Lexington policy proceeds. As stated in the Interpleader Complaint, neither Lexington nor Marlow Connell claims any ultimate interest in the Fund.

14. The Settlement Agreement approved by this Court's Order on January 7, 2011, obligated Plaintiff Lexington, to pay the funds to the Trustee and Counsel for the Razorback Investors upon the Court's Order approving the Settlement becoming final and non-appealable. The agreement approved by this Court called for payment in this manner "or as the Court may otherwise order." *See*, (CP # 1123, Page 19, ¶2 in Case No. 09-34791-RBR (the main bankruptcy case))

15. Despite having been served with the Adversary Proceeding for Interpleader and Declaratory Relief dated September 29, 2011, Rucks has now served two (2) additional Writs of Garnishment on the each of the Plaintiffs, Lexington and Marlow Connell. Rucks continued effort to utilize the garnishment process in State Court in a manner which infringes upon the administration of the Rothstein Rosenfeldt Adler, P.A. bankruptcy estate that has been progressing in this Court is an affront to this Court's jurisdiction and, if allowed to continue, will cause increased litigation, potentially conflicting

Case No.: 09-34791-RBR
**ADVERSARY PROCEEDING**
**CASE NO. 11-02590-RBR-A**
**Interpleader Plaintiffs'**
**Emergency Motion To Deposit Funds Into Registry Of Court**
Page 5 of 9

and inconsistent rulings and compromise the comity which otherwise exists between the State and Federal Courts of Florida.

16. Plaintiffs genuinely believe the Rucks "race to the courthouse" in Okeechobee County is designed to obtain a portion of the Fund, without having to present and defend their claim thereto before this Court in the Interpleader and Declaratory Relief action.

17. Although the Interpleader and Declaratory Relief action stated the Plaintiffs were "ready, willing and able to deposit the Funds with the Court or with any person designated by the Court," Plaintiffs submit that Rucks' present effort to serve additional Writs of Garnishment after the filing and service of the Interpleader and Declaratory Relief Action shows that the Rucks have no intention of allowing this Court to determine their rights, even though their rights conflict with and infringe upon the rights of others (i.e. – the Trustee and the Razorback Investors). Despite being ready and willing, Plaintiffs may not be "able" to transfer the Fund in the settlement approved by this Court if the Rucks continue their efforts to garnish the Fund through proceedings in State Court. As a result, Plaintiffs believe – consistent with the provision of the Settlement Agreement approved by this Court – that the appropriate remedy is for this Court to enter an emergency order requiring the Fund to be paid into the Registry of this Court. Then, the Fund will be solely in the possession of this Court and cannot be compromised through judicial proceedings outside this Court.

Case No.: 09-34791-RBR
**ADVERSARY PROCEEDING**
**CASE NO. 11-02590-RBR-A**
**Interpleader Plaintiffs'**
**Emergency Motion To Deposit Funds Into Registry Of Court**
Page 6 of 9

18. Plaintiffs' reasoning for filing this Motion is set forth above. Plaintiffs reasonably believe a hearing should be held on or before October 25, 2011, which is the date Plaintiff, Marlow Connell, must file an Answer in Okeechobee County, pursuant to Fla. Stat. Chap. 77 to the Second Writ of Garnishment served by Defendants, Rucks. Plaintiffs have made a bona fide effort to resolve the matter with the Rucks by requesting the Rucks forego the garnishment proceedings in State Court until this Court has ruled on the Interpleader and Declaratory Relief action. Rucks has refused.

## **MEMORANDUM OF LAW**

19. Federal Rule of Civil Procedure 67(a) permits a court to exercise its discretion by allowing a party to deposit a disputed amount into the Court Registry. *Cajun Electric Power Cooperative, Inc. v. Riley Stoker Corporation*, 901 F. 2d 441 (5th Cir. 1990). "The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto." *Alstom Caribe, Inc. v. George P. Reintjes Company*, 484 F 3d 106, 113 (1st Cir. 2007). *See, also, Cajun Electric, supra*, at 444-445 (purpose of Fed. R. Civ. P. 67 is to relieve the depositor of responsibility for funds in dispute while parties "hash out their differences with respect to it"). Moreover, Rule 67 is properly employed in interpleader actions. *See, Gulf States Utilities Company v. Alabama Power Company*, 824 F. 2d 1465, 1474 (5th Cir. 1987).

20. Fed. R. Bankr. P. 9075-1 provides that: "Emergency Hearings shall be held only where direct, immediate and substantial harm will occur to the interest of an entity in

Case No.: 09-34791-RBR
**ADVERSARY PROCEEDING
CASE NO. 11-02590-RBR-A
Interpleader Plaintiffs'
Emergency Motion To Deposit Funds Into Registry Of Court**
Page 7 of 9

property [or] to the bankruptcy estate…."  The continuing efforts of Rucks to garnish the Fund poses a direct, immediate and substantial threat to the interest of the Trustee, the Razorback Investors and the bankruptcy estate.  It is appropriate, therefore, to place the Fund in the registry of the Court pending the conclusion of this Adversary Proceeding.

**WHEREFORE**, Plaintiffs, Lexington and Marlow Connell, respectfully request this Court to grant their Emergency Motion to Deposit Money into Registry of Court and to Schedule a hearing thereon prior to October 25, 2011.

Case No.: 09-34791-RBR
**ADVERSARY PROCEEDING**
**CASE NO. 11-02590-RBR-A**
**Interpleader Plaintiffs'**
**Emergency Motion To Deposit Funds Into Registry Of Court**
Page 8 of 9

## CERTIFICATES OF SERVICE AND ADMISSION

**I HEREBY CERTIFY THAT** on this date a true copy of the foregoing was furnished VIA THE Court's EM/ECF System to all parties entitled to receive electronic noticing and to all other parties per the service list attached hereto by the means indicated.

**I FURTHER CERTIFY THAT** I am admitted to the Bar of the United States District Court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

**DATED**:        October 19, 2011

Respectfully submitted,

/s/ Robert Scott Newman
Robert Scott Newman
FBN: 0466670
**MARLOW, CONNELL, ABRAMS, ADLER,**
  **NEWMAN & LEWIS**
*Counsel for Interpleader Plaintiffs*
4000 Ponce de Leon Boulevard
Suite 570
Coral Gables, Florida 33146
Telephone: (305) 446-0500
Email: snewman@marlowconnell.com

and

/s/ David R. Softness
David R. Softness, Esq.
FBN: 513229
**DAVID R. SOFTNESS P.A.**
*Co- Counsel for Interpleader Plaintiffs*
201 South Biscayne Boulevard, Suite 1740
Miami, FL 33131
Tel: 305-341-3111
Email: david@softnesslaw.com

Case No.: 09-34791-RBR
**ADVERSARY PROCEEDING**
**CASE NO. 11-02590-RBR-A**
**Interpleader Plaintiffs'**
**Emergency Motion To Deposit Funds Into Registry Of Court**
Page 9 of 9

**Service List**
**Lexington v. Stettin**
**Case No. 11-02590-RBR-A**

Herbert Stettin
c/o Paul Steven Singerman, Esq.
Berger, Singerman, P.A.
200 S. Biscayne Boulevard
Suite 1000
Miami, Florida, 33131
(singerman@bergersingerman.com)
*(EM/ECF Only)*

Razorback Funding, LLC
c/o David Rosendorf, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon Boulevard
9th Floor
Coral Gables, FL 33134
(drosendorf@kttlaw.com)
*(EM/ECF Only)*

Geoff Aaronson, Esq.
Aaronson Schantz P.A.
Bank of America Tower
100 SE 2nd Street
27th Floor
Miami, FL 33131
(gaaronson@aaronsonpa.com)
*(EM/ECF Only)*

Tim Wright, Esq.
Wright, Ponsoldt & Lozeau
1002 SE Monterey Commons Blvd
Suite 100
Stuart, FL 34996
(timwright@wpltrialattorneys.com)
*(Via Email Only*

Charles E. Rucks
Susan D. Rucks
6908 U.S. Highway 98 N.
Okeechobee, Florida 34972
(*Via Federal Express*)

David R. Softness, Esq.
David R. Softness, P.A.
201 S. Biscayne Boulevard
Suite 1740
Miami, FL 33131
(david@softnesslaw.com)

Scott Newman, Esq.
Marlowe Connell, et al.
4000 Ponce de Leon Boulevard
Suite 570
Coral Gables, Florida 33146
(snewman@marlowconnell.com)

Robert Reynolds, Esq.
Slatkin & Reynolds
1 East Broward Blvd.
Ste. 609
Ft. Lauderdale, Fla. 33301
(rreynolds@slatkinreynolds.com)
*(Via Email Only)*

# EXHIBIT A

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR OKEECHOBEE COUNTY,
FLORIDA

CHARLES E. RUCKS, INDIVIDUALLY AND    CASE NO: 2009 CA 271
AS TRUSTEE OF THE GLEN R. RUCKS
REVOCABLE TRUST AND AS CO-TRUSTEE    JUDGE: LARRY SCHACK
OF THE CHARLES E. RUCKS TRUST, AND
SUSAN D. RUCKS, INDIVIDUALLY AND AS
CO-TRUSTEE OF THE CHARLES E. RUCKS
TRUST,

        Plaintiffs,

vs.

GREGORY R. TAIT AND BERENFELD,
SPRITZER, SHECHTER & SHEER, LLP,

        Defendants,

MARLOW, CONNELL, ABRAMS & ADLER, P.A.,

        Garnishee.

_____/

## **WRIT OF GARNISHMENT**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

        YOU ARE COMMANDED to summon Garnishee:

        **Marlow, Connell, Abrams & Adler, P.A.**
        **4000 Ponce de Leon Boulevard**
        **Suite 570**
        **Coral Gables, Florida 33146**

to serve an answer to this Writ on Plaintiffs' attorney, whose name and
address is:

        Tim B. Wright
WRIGHT, PONSOLDT & LOZEAU, TRIAL ATTORNEYS, L.L.P.
1002 S.E. Monterey Commons Boulevard, Suite 100
Stuart, Florida 34996

*Served*   Edie Blair
9/12/11 1010AM
James P. Friel
#1223

within 20 days after service on the Garnishee, exclusive of the day of service, and to file the original with the Clerk of this Court, either before service on the attorney or immediately thereafter, stating whether the Garnishee is indebted to the Defendants,

**BERENFELD, SPRITZER, SHECHTER & SHEER, LLP**
**and/or GREGORY R. TAIT**

at the time of the answer, or was indebted at the time of service of the Writ, or at any time between such times, and in what sum and what tangible and intangible personal property of the Defendants the Garnishee has in its possession or control at the time of the answer or had at the time of service of this Writ, or at any time between such times, and whether the Garnishee knows of any other person indebted to the Defendants, or who may have any of the property of the Defendants in its possession or control. The amount set forth in Final Judgment is $3,120,955.99 plus post-judgment interest from September 3, 2011 at the rate of 6% per year.

YOU ARE HEREBY NOTIFIED THAT YOU ARE TO RETAIN ALL MONIES DUE TO THE DEFENDANTS AT THE TIME OF THE SERVICE OF THIS WRIT, AND THAT BECOME DUE BETWEEN THE TIME OF SUCH SERVICE AND THE TIME OF FILING YOUR ANSWER TO THIS WRIT, SUBJECT TO THE PROVISIONS OF THE FEDERAL WAGE GARNISHMENT LAW.

FURTHER, NO GARNISHEE SHALL RETAIN MORE THAN DOUBLE THE AMOUNT OF THE JUDGMENT AND COSTS CLAIMED IN THE WRIT.

One hundred dollars ($100.00) has been deposited into the Registry of the Court as a deposit for attorneys' fees if an attorney files an Answer to this Writ.

Should you fail to answer this Writ within the time allowed, a judgment may be entered against you.

Dated this _____9th_____ day of September, 2011.

SHARON ROBERTSON, CLERK
CLERK OF COURT

By:_____
Deputy Clerk

(COURT SEAL)

2

## NOTICE TO DEFENDANT OF RIGHT AGAINST
## GARNISHMENT OF WAGES, MONEY AND OTHER PROPERTY

The Writ of Garnishment delivered to you with this Notice means that wages, money, and other property belonging to you have been garnished to pay a court judgment against you. HOWEVER, YOU MAY BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY, OR PROPERTY. READ THIS NOTICE CAREFULLY.

State and federal laws provide that certain wages, money, and property, even if deposited in a bank, savings and loan, or credit union, may not be taken to pay certain types of court judgments. Such wages, money, and property are exempt from garnishment. The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing. This list does not include all possible exemptions. You should consult a lawyer for specific advice.

TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO GET BACK ANYTHING ALREADY TAKEN, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. YOU MUST FILE THE FORM WITH THE CLERK S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS. YOU MUST ALSO MAIL OR DELIVER A COPY OF THIS FORM TO THE PLAINTIFF AND THE GARNISHEE AT THE ADDRESSES LISTED ON THE WRIT OF GARNISHMENT.

If you request a hearing, it will be held as soon as possible after your request is received by the court. The plaintiff must file any objection within 2 business days if you hand delivered to the plaintiff a copy of the form for Claim of Exemption and Request for Hearing or, alternatively, 7 days if you mailed a copy of the form for claim and request to the plaintiff. If the plaintiff files an objection to your Claim of Exemption and Request for Hearing, the clerk will notify you and the other parties of the time and date of the hearing. You may attend the hearing with or without an attorney. If the plaintiff fails to file an objection, no hearing is required, the writ of garnishment will be dissolved and your wages, money, or property will be released.

YOU SHOULD FILE THE FORM FOR CLAIM OF EXEMPTION IMMEDIATELY TO KEEP YOUR WAGES, MONEY, OR PROPERTY FROM BEING APPLIED TO THE COURT JUDGMENT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED LEGAL ASSISTANCE YOU SHOULD SEE A LAWYER. IF YOU CANNOT AFFORD A PRIVATE LAWYER, LEGAL SERVICES MAY BE AVAILABLE. CONTACT YOUR LOCAL BAR ASSOCIATION OR ASK THE CLERK S OFFICE ABOUT ANY LEGAL SERVICES PROGRAM IN YOUR AREA.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR OKEECHOBEE COUNTY, FLORIDA

_____     Case No:_____

     Plaintiff,

vs

_____

     Defendants.

## CLAIM OF EXEMPTION AND REQUEST FOR HEARING

I claim exemptions from garnishment under the following categories as checked:

_____ 1. Head of family wages. (You must check a. or b. below.)
_____     a. I provide more than one-half of the support for a child or other dependent and have net earnings of $500 or less per week.
_____     b. I provide more than one-half of the support for a child or other dependent have net earnings of more than $500 per week, but have not agreed in writing to have my wages garnished.
_____ 2. Social Security benefits.
_____ 3. Supplemental Security Income benefits.
_____ 4. Public assistance (welfare).
_____ 5. Workers Compensation.
_____ 6. Unemployment Compensation.
_____ 7. Veterans benefits.
_____ 8. Retirement or profit-sharing benefits or pension money.
_____ 9. Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract.
_____ 10. Disability income benefits.
_____ 11. Prepaid College Trust Fund or Medical Savings Account.
_____ 12. Other exemptions as provided by law.
                                                                           (explain)

_____

I request a hearing to decide the validity of my claim. Notice of the hearing should be given to me at:

Address _____

_____

Telephone number: _____

The statements made in this request are true to the best of my knowledge and belief.

_____
Defendant s signature

Date_____

STATE OF FLORIDA
COUNTY OF OKEECHOBEE

Sworn and subscribed to before me this ____ day of _____ 20____, by

_____.

_____
Notary Public/Deputy Clerk

Personally Known ____ OR Produced Identification_____

Type of Identification Produced_____

# EXHIBIT B





11-84775

CHIEF FINANCIAL OFFICER
**JEFF ATWATER**
STATE OF FLORIDA

---

CHARLES E RUCKS, ET AL

PLAINTIFF(S),

VS

GARY R TAIT & BENENFELD, SPRITZER,
SHECHTER & SHEER, LLP

DEFENDANT(S)

LEXINGTON INSURANCE COMPANY

GARNISHEE

_____/

WRIT OF GARNISHMENT, DOCUMENTS

| | |
|---|---|
| CASE # | 2009-CA-271 |
| COURT | CIRCUIT COURT |
| COUNTY | OKEECHOBEE |
| DFS-SOP# | 11-84775 |

## <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial
Officer of the State of Florida  Said process was received in my office by PROCESS SERVER
on the 12th day of September, 2011 and a copy was forwarded by Electronic Delivery on the
15th day of September, 2011 to the designated agent for the named entity as shown below

    LEXINGTON INSURANCE COMPANY
    STEPHEN J PARIS  (lexserviceofprocess@aiuholdings com)
    LEXINGTON INSURANCE COMPANY
    100 SUMMER ST, 18TH FLOOR
    BOSTON, MA  02110

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any
subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1 080

*Jeff Atwater*

Jeff Atwater
Chief Financial Officer

cc to  Plaintiff's Representative for filing in appropriate court

TIM B  WRIGHT
SUITE 100
1002 S E  MONTEREY COMMONS BLVD
STUART FL 34996

MDW

**RUSH**

# IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## IN AND FOR OKEECHOBEE COUNTY,
### FLORIDA

CHARLES E RUCKS, INDIVIDUALLY AND    CASE NO 2009 CA 271
AS TRUSTEE OF THE GLEN R RUCKS
REVOCABLE TRUST AND AS CO-TRUSTEE    JUDGE LARRY SCHACK
OF THE CHARLES E RUCKS TRUST, AND
SUSAN D RUCKS, INDIVIDUALLY AND AS
CO-TRUSTEE OF THE CHARLES E RUCKS
TRUST,

      Plaintiffs,

vs

GREGORY R TAIT AND BERENFELD,
SPRITZER, SHECHTER & SHEER, LLP,

      Defendants,

LEXINGTON INSURANCE COMPANY,

      Garnishee

_____/

Served
Date _9-12-11_    Time _3:20 P_
MCN, No 111
is a certified process server in the
Circuit and County Courts
in and for the Second Judicial Circu

## WRIT OF GARNISHMENT

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE

     YOU ARE COMMANDED to summon Garnishee

### Lexington Insurance Company
### c/o State of Florida, Department of Insurance
### 200 E Gaines Street
### Tallahassee, Florida 32399

to serve an answer to this Writ on Plaintiffs' attorney, whose name and
address is

Tim B Wright
WRIGHT, PONSOLDT & LOZEAU, TRIAL ATTORNEYS, L L P
1002 S E Monterey Commons Boulevard, Suite 100
Stuart, Florida 34996



within 20 days after service on the Garnishee, exclusive of the day of service, and to file the original with the Clerk of this Court, either before service on the attorney or immediately thereafter, stating whether the Garnishee is indebted to the Defendants,

### BERENFELD, SPRITZER, SHECHTER & SHEER, LLP
### and/or GREGORY R TAIT

at the time of the answer, or was indebted at the time of service of the Writ, or at any time between such times, and in what sum and what tangible and intangible personal property of the Defendants the Garnishee has in its possession or control at the time of the answer or had at the time of service of this Writ, or at any time between such times, and whether the Garnishee knows of any other person indebted to the Defendants, or who may have any of the property of the Defendants in its possession or control  The amount set forth in Final Judgment is $3,120,955 99 plus post-judgment interest from September 3, 2011 at the rate of 6% per year

YOU ARE HEREBY NOTIFIED THAT YOU ARE TO RETAIN ALL MONIES DUE TO THE DEFENDANTS AT THE TIME OF THE SERVICE OF THIS WRIT, AND THAT BECOME DUE BETWEEN THE TIME OF SUCH SERVICE AND THE TIME OF FILING YOUR ANSWER TO THIS WRIT, SUBJECT TO THE PROVISIONS OF THE FEDERAL WAGE GARNISHMENT LAW

FURTHER, NO GARNISHEE SHALL RETAIN MORE THAN DOUBLE THE AMOUNT OF THE JUDGMENT AND COSTS CLAIMED IN THE WRIT

One hundred dollars ($100 00) has been deposited into the Registry of the Court as a deposit for attorneys' fees if an attorney files an Answer to this Writ

Should you fail to answer this Writ within the time allowed, a judgment may be entered against you

Dated this __/4'__ day of September, 2011
SHARON ROBERTSON
CLERK OF COURT

By _Cahleret Dialis_
Deputy Clerk

(COURT SEAL)

2

## NOTICE TO DEFENDANT OF RIGHT AGAINST
## GARNISHMENT OF WAGES, MONEY AND OTHER PROPERTY

The Writ of Garnishment delivered to you with this Notice means that wages, money, and other property belonging to you have been garnished to pay a court judgment against you HOWEVER, YOU MAY BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY, OR PROPERTY READ THIS NOTICE CAREFULLY

State and federal laws provide that certain wages, money, and property, even if deposited in a bank, savings and loan, or credit union, may not be taken to pay certain types of court judgments Such wages, money, and property are exempt from garnishment The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing This list does not include all possible exemptions You should consult a lawyer for specific advice

TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO GET BACK ANYTHING ALREADY TAKEN, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED YOU MUST FILE THE FORM WITH THE CLERK S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS YOU MUST ALSO MAIL OR DELIVER A COPY OF THIS FORM TO THE PLAINTIFF AND THE GARNISHEE AT THE ADDRESSES LISTED ON THE WRIT OF GARNISHMENT

If you request a hearing, it will be held as soon as possible after your request is received by the court The plaintiff must file any objection within 2 business days if you hand delivered to the plaintiff a copy of the form for Claim of Exemption and Request for Hearing or, alternatively, 7 days if you mailed a copy of the form for claim and request to the plaintiff If the plaintiff files an objection to your Claim of Exemption and Request for Hearing, the clerk will notify you and the other parties of the time and date of the hearing You may attend the hearing with or without an attorney If the plaintiff fails to file an objection, no hearing is required, the writ of garnishment will be dissolved and your wages, money, or property will be released

YOU SHOULD FILE THE FORM FOR CLAIM OF EXEMPTION IMMEDIATELY TO KEEP YOUR WAGES, MONEY, OR PROPERTY FROM BEING APPLIED TO THE COURT JUDGMENT THE CLERK CANNOT GIVE YOU LEGAL ADVICE IF YOU NEED LEGAL ASSISTANCE YOU SHOULD SEE A LAWYER IF YOU CANNOT AFFORD A PRIVATE LAWYER, LEGAL SERVICES MAY BE AVAILABLE CONTACT YOUR LOCAL BAR ASSOCIATION OR ASK THE CLERK S OFFICE ABOUT ANY LEGAL SERVICES PROGRAM IN YOUR AREA

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## IN AND FOR OKEECHOBEE COUNTY, FLORIDA

_____     Case No _____

        Plaintiff,

vs

_____
        Defendants

### CLAIM OF EXEMPTION AND REQUEST FOR HEARING

I claim exemptions from garnishment under the following categories as checked

_____ 1  Head of family wages (You must check a or b below )
_____        a  I provide more than one-half of the support for a child or other dependent and have net earnings of $500 or less per week
_____        b  I provide more than one-half of the support for a child or other dependent have net earnings of more than $500 per week, but have not agreed in writing to have my wages garnished
_____ 2  Social Security benefits
_____ 3  Supplemental Security Income benefits
_____ 4  Public assistance (welfare)
_____ 5  Workers  Compensation
_____ 6  Unemployment Compensation
_____ 7  Veterans  benefits
_____ 8  Retirement or profit-sharing benefits or pension money
_____ 9  Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract
_____10  Disability income benefits
_____11  Prepaid College Trust Fund or Medical Savings Account
_____12  Other exemptions as provided by law
                                                                          (explain)
_____

I request a hearing to decide the validity of my claim   Notice of the hearing should be given to me at

Address _____

_____

Telephone number _____

The statements made in this request are true to the best of my knowledge and belief

_____

Defendant s signature

Date_____

STATE OF FLORIDA
COUNTY OF OKEECHOBEE

Sworn and subscribed to before me this ____ day of _____ 20___, by

_____

_____

Notary Public/Deputy Clerk

Personally Known _____ OR Produced Identification_____

Type of Identification Produced_____

# EXHIBIT C

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR OKEECHOBEE COUNTY,
FLORIDA

CHARLES E. RUCKS, INDIVIDUALLY AND    CASE NO: 2009 CA 271
AS TRUSTEE OF THE GLEN R. RUCKS
REVOCABLE TRUST AND AS CO-TRUSTEE    JUDGE: LARRY SCHACK
OF THE CHARLES E. RUCKS TRUST, AND
SUSAN D. RUCKS, INDIVIDUALLY AND AS
CO-TRUSTEE OF THE CHARLES E. RUCKS
TRUST,

     Plaintiffs,

vs.

GREGORY R. TAIT AND BERENFELD,
SPRITZER, SHECHTER & SHEER, LLP,

     Defendants,

MARLOW, CONNELL, ABRAMS & ADLER, P.A.,

     Garnishee.

_____/

*Edith Blair*
*~~Date~~ Served   10/4/11*
*Time Served   1:00pm*
*Initial ___*
*CPS# ___ 1003*

## SECOND WRIT OF GARNISHMENT

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

     YOU ARE COMMANDED to summon Garnishee:

**Marlow, Connell, Abrams & Adler, P.A.**
**4000 Ponce de Leon Boulevard**
**Suite 570**
**Coral Gables, Florida 33146**

to serve an answer to this Second Writ of Garnishment on Plaintiffs'
attorney, whose name and address is:

Tim B. Wright
WRIGHT, PONSOLDT & LOZEAU, TRIAL ATTORNEYS, L.L.P.
1002 S.E. Monterey Commons Boulevard, Suite 100
Stuart, Florida 34996

*Resp due*
*10/25*

within 20 days after service on the Garnishee, exclusive of the day of service, and to file the original with the Clerk of this Court, either before service on the attorney or immediately thereafter, stating whether the Garnishee is indebted to the Defendants,

**BERENFELD, SPRITZER, SHECHTER & SHEER, LLP
and/or GREGORY R. TAIT**

at the time of the answer, or was indebted at the time of service of the Writ, or at any time between such times, and in what sum and what tangible and intangible personal property of the Defendants the Garnishee has in its possession or control at the time of the answer or had at the time of service of this Writ, or at any time between such times, and whether the Garnishee knows of any other person indebted to the Defendants, or who may have any of the property of the Defendants in its possession or control. The amount set forth in Final Judgment is $3,120,955.99 plus post-judgment interest from September 3, 2011 at the rate of 6% per year.

YOU ARE HEREBY NOTIFIED THAT YOU ARE TO RETAIN ALL MONIES DUE TO THE DEFENDANTS AT THE TIME OF THE SERVICE OF THIS WRIT, AND THAT BECOME DUE BETWEEN THE TIME OF SUCH SERVICE AND THE TIME OF FILING YOUR ANSWER TO THIS WRIT, SUBJECT TO THE PROVISIONS OF THE FEDERAL WAGE GARNISHMENT LAW.

FURTHER, NO GARNISHEE SHALL RETAIN MORE THAN DOUBLE THE AMOUNT OF THE JUDGMENT AND COSTS CLAIMED IN THE WRIT.

One hundred dollars ($100.00) has been deposited into the Registry of the Court as a deposit for attorneys' fees if an attorney files an Answer to this Writ.

Should you fail to answer this Writ within the time allowed, a judgment may be entered against you.

Dated this _3rd_ day of _October_, 2011.

SHARON ROBERTSON, CLERK
CLERK OF COURT

By: _Linda J. Young_
Deputy Clerk

(COURT SEAL)

2

## NOTICE TO DEFENDANT OF RIGHT AGAINST
## GARNISHMENT OF WAGES, MONEY AND OTHER PROPERTY

The Writ of Garnishment delivered to you with this Notice means that wages, money, and other property belonging to you have been garnished to pay a court judgment against you. HOWEVER, YOU MAY BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY, OR PROPERTY. READ THIS NOTICE CAREFULLY.

State and federal laws provide that certain wages, money, and property, even if deposited in a bank, savings and loan, or credit union, may not be taken to pay certain types of court judgments. Such wages, money, and property are exempt from garnishment. The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing. This list does not include all possible exemptions. You should consult a lawyer for specific advice.

TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO GET BACK ANYTHING ALREADY TAKEN, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. YOU MUST FILE THE FORM WITH THE CLERK S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS. YOU MUST ALSO MAIL OR DELIVER A COPY OF THIS FORM TO THE PLAINTIFF AND THE GARNISHEE AT THE ADDRESSES LISTED ON THE WRIT OF GARNISHMENT.

If you request a hearing, it will be held as soon as possible after your request is received by the court. The plaintiff must file any objection within 2 business days if you hand delivered to the plaintiff a copy of the form for Claim of Exemption and Request for Hearing or, alternatively, 7 days if you mailed a copy of the form for claim and request to the plaintiff. If the plaintiff files an objection to your Claim of Exemption and Request for Hearing, the clerk will notify you and the other parties of the time and date of the hearing. You may attend the hearing with or without an attorney. If the plaintiff fails to file an objection, no hearing is required, the writ of garnishment will be dissolved and your wages, money, or property will be released.

YOU SHOULD FILE THE FORM FOR CLAIM OF EXEMPTION IMMEDIATELY TO KEEP YOUR WAGES, MONEY, OR PROPERTY FROM BEING APPLIED TO THE COURT JUDGMENT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED LEGAL ASSISTANCE YOU SHOULD SEE A LAWYER. IF YOU CANNOT AFFORD A PRIVATE LAWYER, LEGAL SERVICES MAY BE AVAILABLE. CONTACT YOUR LOCAL BAR ASSOCIATION OR ASK THE CLERK S OFFICE ABOUT ANY LEGAL SERVICES PROGRAM IN YOUR AREA.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR OKEECHOBEE COUNTY, FLORIDA

_____     Case No:_____

        Plaintiff,

vs

_____

        Defendants.

## CLAIM OF EXEMPTION AND REQUEST FOR HEARING

I claim exemptions from garnishment under the following categories as checked:

_____ 1. Head of family wages. (You must check a. or b. below.)

_____       a. I provide more than one-half of the support for a child or other dependent and have net earnings of $500 or less per week.

_____       b. I provide more than one-half of the support for a child or other dependent have net earnings of more than $500 per week, but have not agreed in writing to have my wages garnished.

_____ 2. Social Security benefits.

_____ 3. Supplemental Security Income benefits.

_____ 4. Public assistance (welfare).

_____ 5. Workers  Compensation.

_____ 6. Unemployment Compensation.

_____ 7. Veterans  benefits.

_____ 8. Retirement or profit-sharing benefits or pension money.

_____ 9. Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract.

_____10. Disability income benefits.

_____11. Prepaid College Trust Fund or Medical Savings Account.

_____12. Other exemptions as provided by law.

                          (explain)

_____

I request a hearing to decide the validity of my claim. Notice of the hearing should be given to me at:

Address _____

_____

Telephone number: _____

The statements made in this request are true to the best of my knowledge and belief.

_____
Defendant s signature

Date_____

STATE OF FLORIDA
COUNTY OF OKEECHOBEE

Sworn and subscribed to before me this ____ day of _____ 20___, by

_____.

_____
Notary Public/Deputy Clerk

Personally Known _____ OR Produced Identification_____

Type of Identification Produced_____

# PROPOSED ORDER

# EXHIBIT A

# EXHIBIT B

# EXHIBIT C

# EXHIBIT D

**EXHIBIT E**

# EXHIBIT F

# EXHIBIT G

# EXHIBIT H

# EXHIBIT I

# EXHIBIT J

# EXHIBIT K

# EXHIBIT L

# EXHIBIT M

# EXHIBIT N

**EXHIBIT O**

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR OKEECHOBEE COUNTY,
FLORIDA

CHARLES E. RUCKS, INDIVIDUALLY AND    CASE NO: 2009 CA 271
AS TRUSTEE OF THE GLEN R. RUCKS
REVOCABLE TRUST AND AS CO-TRUSTEE   JUDGE: LARRY SCHACK
OF THE CHARLES E. RUCKS TRUST, AND
SUSAN D. RUCKS, INDIVIDUALLY AND AS
CO-TRUSTEE OF THE CHARLES E. RUCKS
TRUST,

      Plaintiffs,
vs.

GREGORY R. TAIT AND BERENFELD,
SPRITZER, SHECHTER & SHEER, LLP,

      Defendants,

LEXINGTON INSURANCE COMPANY,

      Garnishee.

_____/

## SECOND WRIT OF GARNISHMENT

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

      YOU ARE COMMANDED to summon Garnishee:

**Lexington Insurance Company
c/o State of Florida, Department of Insurance
200 E. Gaines Street
Tallahassee, Florida 32399**

to serve an answer to this Second Writ of Garnishment on Plaintiffs'
attorney, whose name and address is:

Tim B. Wright
WRIGHT, PONSOLDT & LOZEAU, TRIAL ATTORNEYS, L.L.P.
1002 S.E. Monterey Commons Boulevard, Suite 100
Stuart, Florida 34996

within 20 days after service on the Garnishee, exclusive of the day of service, and to file the original with the Clerk of this Court, either before service on the attorney or immediately thereafter, stating whether the Garnishee is indebted to the Defendants,

**BERENFELD, SPRITZER, SHECHTER & SHEER, LLP**
**and/or GREGORY R. TAIT**

at the time of the answer, or was indebted at the time of service of the Writ, or at any time between such times, and in what sum and what tangible and intangible personal property of the Defendants the Garnishee has in its possession or control at the time of the answer or had at the time of service of this Writ, or at any time between such times, and whether the Garnishee knows of any other person indebted to the Defendants, or who may have any of the property of the Defendants in its possession or control. The amount set forth in Final Judgment is $3,120,955.99 plus post-judgment interest from September 3, 2011 at the rate of 6% per year.

YOU ARE HEREBY NOTIFIED THAT YOU ARE TO RETAIN ALL MONIES DUE TO THE DEFENDANTS AT THE TIME OF THE SERVICE OF THIS WRIT, AND THAT BECOME DUE BETWEEN THE TIME OF SUCH SERVICE AND THE TIME OF FILING YOUR ANSWER TO THIS WRIT, SUBJECT TO THE PROVISIONS OF THE FEDERAL WAGE GARNISHMENT LAW.

FURTHER, NO GARNISHEE SHALL RETAIN MORE THAN DOUBLE THE AMOUNT OF THE JUDGMENT AND COSTS CLAIMED IN THE WRIT.

One hundred dollars ($100.00) has been deposited into the Registry of the Court as a deposit for attorneys' fees if an attorney files an Answer to this Writ.

Should you fail to answer this Writ within the time allowed, a judgment may be entered against you.

Dated this ___31st___ day of October, 2011.

SHARON ROBERTSON, CLERK
CLERK OF COURT

By: _Linda L. Young_
Deputy Clerk

(COURT SEAL)

2

## NOTICE TO DEFENDANT OF RIGHT AGAINST
## GARNISHMENT OF WAGES, MONEY AND OTHER PROPERTY

The Writ of Garnishment delivered to you with this Notice means that wages, money, and other property belonging to you have been garnished to pay a court judgment against you. HOWEVER, YOU MAY BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY, OR PROPERTY. READ THIS NOTICE CAREFULLY.

State and federal laws provide that certain wages, money, and property, even if deposited in a bank, savings and loan, or credit union, may not be taken to pay certain types of court judgments. Such wages, money, and property are exempt from garnishment. The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing. This list does not include all possible exemptions. You should consult a lawyer for specific advice.

TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO GET BACK ANYTHING ALREADY TAKEN, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. YOU MUST FILE THE FORM WITH THE CLERK S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS. YOU MUST ALSO MAIL OR DELIVER A COPY OF THIS FORM TO THE PLAINTIFF AND THE GARNISHEE AT THE ADDRESSES LISTED ON THE WRIT OF GARNISHMENT.

If you request a hearing, it will be held as soon as possible after your request is received by the court. The plaintiff must file any objection within 2 business days if you hand delivered to the plaintiff a copy of the form for Claim of Exemption and Request for Hearing or, alternatively, 7 days if you mailed a copy of the form for claim and request to the plaintiff. If the plaintiff files an objection to your Claim of Exemption and Request for Hearing, the clerk will notify you and the other parties of the time and date of the hearing. You may attend the hearing with or without an attorney. If the plaintiff fails to file an objection, no hearing is required, the writ of garnishment will be dissolved and your wages, money, or property will be released.

YOU SHOULD FILE THE FORM FOR CLAIM OF EXEMPTION IMMEDIATELY TO KEEP YOUR WAGES, MONEY, OR PROPERTY FROM BEING APPLIED TO THE COURT JUDGMENT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED LEGAL ASSISTANCE YOU SHOULD SEE A LAWYER. IF YOU CANNOT AFFORD A PRIVATE LAWYER, LEGAL SERVICES MAY BE AVAILABLE. CONTACT YOUR LOCAL BAR ASSOCIATION OR ASK THE CLERK S OFFICE ABOUT ANY LEGAL SERVICES PROGRAM IN YOUR AREA.

# IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## IN AND FOR OKEECHOBEE COUNTY, FLORIDA

_____                    Case No:_____

      Plaintiff,

VS

_____

      Defendants.


## CLAIM OF EXEMPTION AND REQUEST FOR HEARING

I claim exemptions from garnishment under the following categories as checked:

_____ 1. Head of family wages. (You must check a. or b. below.)

_____     a. I provide more than one-half of the support for a child or other dependent and have net earnings of $500 or less per week.

_____     b. I provide more than one-half of the support for a child or other dependent have net earnings of more than $500 per week, but have not agreed in writing to have my wages garnished.

_____ 2. Social Security benefits.

_____ 3. Supplemental Security Income benefits.

_____ 4. Public assistance (welfare).

_____ 5. Workers Compensation.

_____ 6. Unemployment Compensation.

_____ 7. Veterans benefits.

_____ 8. Retirement or profit-sharing benefits or pension money.

_____ 9. Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract.

_____ 10. Disability income benefits.

_____ 11. Prepaid College Trust Fund or Medical Savings Account.

_____ 12. Other exemptions as provided by law.

_____ (explain)

I request a hearing to decide the validity of my claim.  Notice of the hearing should be given to me at:

Address _____

_____

Telephone number: _____

The statements made in this request are true to the best of my knowledge and belief.

_____
Defendant  s signature

Date_____

STATE OF FLORIDA
COUNTY OF OKEECHOBEE

Sworn and subscribed to before me this ____ day of _____ 20___, by

_____.

_____
Notary Public/Deputy Clerk

Personally Known ____ OR Produced Identification_____

Type of Identification Produced_____